UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTYN THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHATTEM, INC.,<br><br>　　　　Defendant. | Case No.  23-cv-03073-JD<br><br>**ORDER RE DISMISSAL** |

Plaintiff Kristyn Thompson, a California resident, bought a tube of defendant Chattem Inc.'s "Cortizone-10 Maximum Strength" anti-itch creme as an over-the-counter (OTC) product and without a prescription. Dkt. No. 13 (FAC) ¶ 14. The packaging for the creme stated that it contained 1% hydrocortisone. *Id.* ¶ 26. Thompson says that she was "misled" and cheated of "the benefit of her bargain" by the "maximum strength" wording because a 3% hydrocortisone creme is available with a prescription. *Id.* ¶¶ 44, 47. On behalf of herself and putative nationwide and California classes, Thompson alleges multiple claims for consumer fraud under California state law.

Chattem asks to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) primarily on the ground that a reasonable consumer would understand that "maximum strength" meant the strongest formulation available in an OTC product without a prescription. Dkt. No. 28. Thompson says it is "premature" to decide in a pleadings motion what a reasonable consumer would understand. Dkt. No. 32 at 5. The FAC is dismissed with leave to amend.

The reason for dismissal is straightforward. While it is true that the question of consumer deception may, in some cases, be a factual matter unsuitable for resolution in a motion to dismiss, *see Milan v. Clif Bar & Co.*, No. 18-cv-02354-JD, 2019 WL 3934918, at *2 (N.D. Cal. Aug. 20,

2019), Thompson still has the initial burden of pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," as informed by "judicial experience and common sense." *Cannara v. Nemeth*, 467 F. Supp. 3d 877, 882 (N.D. Cal. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)), *aff'd*, 21 F.4th 1169 (9th Cir. 2021); *see also Yoshida v. Campbell Soup Co.*, No. 21-cv-9458-JD, 2022 WL 1819528, at *1 (N.D. Cal. May 27, 2022).

The FAC stumbles on this threshold requirement. A reasonable consumer would know that an OTC product she can buy without a visit to the doctor for a prescription is not going to be the strongest possible formulation of that product. Anyone who has shopped in a typical pharmacy in California or the United States understands this. The OTC aisles offer products that a consumer can safely self-select because their strength is capped. The powerful drug formulations are behind the counter and accessible only with a physician's authorization. Thompson did not provide any facts in the FAC that might indicate a reasonable consumer would believe otherwise. She does not allege that Chattem's creme has less than the 1% hydrocortisone stated on the packaging, or that the maximum strength available in an OTC product is greater than 1%. Thompson says only that she felt misled because a 3% hydrocortisone formulation is available with a prescription. A reasonable consumer would not feel duped because a stronger creme could be obtained with a prescription.

This is enough to warrant dismissal of the FAC. The Court need not address Chattem's objection to Article III standing for injunctive relief. Thompson may file an amended complaint consistent with this order by June 17, 2024. A failure to meet this deadline will result in dismissal of the case under Rule 41(b).

**IT IS SO ORDERED.**

Dated: May 30, 2024

JAMES DONATO
United States District Judge

2